568 So.2d 490 (1990)
BLANDING AUTOMOTIVE CENTER, INC., Appellant,
v.
BLANDING AUTOMOTIVE, INC., Appellee.
No. 89-2534.
District Court of Appeal of Florida, First District.
October 11, 1990.
*491 Donald P. Sluder, Orange Park, for appellant.
Roy L. Beach of Burney Bivens, P.A., Orange Park, for appellee.
SMITH, Judge.
Blanding Automotive Center Inc., seeks reversal of an order permanently enjoining it from operating its business under the name "Blanding Automotive." We affirm.
Appellee, Blanding Automotive, Inc., brought suit for injunction against appellant, claiming that Blanding Automotive, Inc., was a prior user of this trade name and entitled to protection from injury to its business reputation or dilution of the distinctive quality of its trade name under section 495.151, Florida Statutes (1987). The trial court agreed with appellee's contentions and granted an injunction. This appeal followed.
Appellee, Blanding Automotive, Inc., does automotive repair services on Volvo automobiles. The business began in 1979, when Curt McKesson and another associate began operating an automotive repair shop on Blanding Boulevard in Jacksonville, Duval County, doing business as "Blanding Automotive." McKesson became the sole owner of the business and incorporated the business under the name of Blanding Automotive, Inc. in 1984. He continued the operation of the business at the original location until 1985, when he relocated to 103rd Street in Jacksonville. The name Blanding Automotive, Inc. was retained and extensive advertising was undertaken to inform customers of the change of location.
Appellant, Blanding Automotive Center, Inc. was incorporated in 1988 and is located on Blanding Boulevard in Orange Park, Clay County. Appellant's business site is less than ten miles away from the location of appellee, in a community where one-third of appellee's current customers reside. Appellant, Blanding Automotive Center, Inc., engages in all manner of automotive repair, towing and supplying of parts to the public.
The evidence established that before selecting a business name appellant failed to conduct any type of inquiry in the area to determine if any other business was using "Blanding Automotive" or a similar trade name. Appellee, upon discovering the existence of Blanding Automotive Center, Inc., sent a letter to its owners objecting to their use of the name and asking that they choose a different name under which to operate their business. Appellant did not comply with this request. Consequently, appellee sought an injunction under section 495.151, Florida Statutes (1987). This statute provides:
495.151. Injury to business reputation; dilution
Every person, association, or union of workingmen adopting and using a mark, trade name, label or form of advertisement may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar mark, trade name, label or form of advertisement if it appears to the court that there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the mark, trade name, label or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services.
The evidence adduced at the hearing below showed substantial confusion among members of the public concerning the two businesses. Appellee received numerous telephone calls meant for appellant, parts were frequently misdelivered to appellee, and billing was frequently misdirected to appellee. Further, appellee received complaints intended for appellant. Accordingly, the trial court entered a permanent injunction perpetually enjoining appellant from conducting any and all business under the name Blanding Automotive Center, Inc., or any variation thereof which uses the phrase "Blanding Automotive" as part of its name.
*492 Section 495.151, Florida Statutes (1987), expands the protections of trademark law by preventing the dilution of the distinctiveness and value of a trade name and mark, even where there is an absence of competition between the parties or of confusion as to source of goods or services. "Dilution" focuses on the uniqueness or distinctiveness of the trade name and mark and requires some proof that the use of the trade name and mark decreases its commercial value. If the plaintiff holds a distinctive mark, it is enough that the defendant has made a significant use of a very similar mark; but where the mark is a weak one that lacks much distinctiveness, the mere use of a similar mark will not establish loss of commercial value. Marks are classified as generic, descriptive, suggestive, arbitrary or fanciful and are entitled to graduated protection, with generic marks not entitled to service mark protection, and arbitrary, fanciful, and coined marks being entitled to very strong protection. Gaeta Cromwell v. Banyan Lakes Village, 523 So.2d 624 (Fla. 4th DCA 1988).
The trial court determined that "Blanding Automotive" was an arbitrary trade name[1], entitled to strong protection. Appellant, on the other hand, argues that it is a descriptive or geographic mark which can only be protected if it has acquired a secondary meaning, which it has not. We tend to agree with the trial court that the name "Blanding Automotive" falls into the arbitrary category. An arbitrary or fanciful mark is defined as a word in common usage applied to a service unrelated to its meaning. An example of an arbitrary or fanciful mark is "Sun Bank" when applied to banking services. Gaeta Cromwell, 523 So.2d at 626. While "Blanding" could be considered a descriptive term, describing a business located on a certain street, Blanding Boulevard, appellee's use of this name is arbitrary because appellee's business is not located on Blanding Boulevard, but is instead located on 103rd Street. Thus, because appellee's name, "Blanding Automotive," is a distinctive one, appellant's significant use of the name is sufficient to establish loss of commercial value and to warrant the granting of relief to appellee under section 495.151, Florida Statutes (1987). Gaeta Cromwell, 523 So.2d at 626-7 (trade name "Congress Park" designating an office building complex located on Congress Avenue in Delray Beach is an arbitrary trade name).
However, assuming arguendo that "Blanding Automotive" is weak in terms of distinctiveness, it would still be entitled to protection under section 495.151, Florida Statutes (1987), if the evidence establishes that appellant's use demonstrates a likelihood of injury to business reputation, or dilution of the distinctive quality of the name. The evidence in this case that appellee was the recipient of complaints intended for appellant shows not only a likelihood of, but actual, injury to business reputation. Marks v. Cayo Hueso, Ltd., 437 So.2d 775 (Fla. 3d DCA 1983).
AFFIRMED.
NIMMONS and ALLEN, JJ., concur.
NOTES
[1] Although the words "trade name," "trade mark," and "service mark" are used interchangeably, they are different. A trade name is descriptive of the dealer or man himself and applies to a business and its good will, a trademark refers to vendible commodities, and a servicemark to services provided.