827 So.2d 1105 (2002)
SAKURA JAPANESE STEAKHOUSE, INC., a Florida corporation, Appellant,
v.
LIN YAN, INC., a Florida corporation, Appellee.
No. 2D02-2138.
District Court of Appeal of Florida, Second District.
October 16, 2002.
*1106 Robert T. Maher, Fort Myers, for Appellant.
John Charles Coleman, Fort Myers, for Appellee.
WHATLEY, Judge.
Sakura Japanese Steakhouse, Inc., appeals a nonfinal order denying its request for a temporary injunction. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B). We reverse because the trial court failed to conduct a proper evidentiary hearing on the request for a temporary injunction.
Sakura filed a complaint against Lin Yan, Inc., seeking injunctive relief under section 495.151, Florida Statutes (2001), in its first count and seeking damages and injunctive relief for unfair trade practices under section 501.203, Florida Statutes (2001), in its second count.[1] Thereafter, Sakura sought a temporary injunction pursuant to section 495.151 against Lin Yan to enjoin the use of the name "Sakura Chinatowne" by Lin Yan.
At the hearing on the temporary injunction, the trial court took judicial notice of documents proffered by Lin Yan, but it declined to hear testimony or admit other documentary evidence on the issue. After hearing argument of counsel, the trial court denied the request for a temporary injunction, stating: "There are too many people with that name around the State of Florida. There are people in this area.... That's competition." We conclude that the trial court failed to address the requirements of section 495.151 and that it erred in preventing Sakura from presenting evidence relating to such requirements.
Section 495.151 addresses actions for dilution in Florida and provides the following:
Every person ... using a ... trade name ... may proceed by suit, and all courts having jurisdiction thereof shall grant injunctions, to enjoin subsequent use by another of the same or any similar... trade name ... if it appears to the court that there exists a likelihood of injury to the business reputation or of dilution of the distinctive quality of the... trade name ... of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services.
*1107 Therefore, pursuant to the statute, dilution does not necessarily depend on competition or the likelihood of confusion. Great S. Bank v. First S. Bank, 625 So.2d 463, 470 (Fla.1993). A violation of the dilution statute may be based on either (1) a likelihood of injury to the business reputation or (2) a dilution of the distinctive quality of the trade name of the prior user. Id.; Tortoise Island Homeowners Ass'n v. Tortoise Island Realty, Inc., 790 So.2d 525 (Fla. 5th DCA 2001). Regarding the first prong, injury to business reputation may be established if the second user of the trade name is not financially sound and its lack of financial reliability is then attributed to the first user, or it may be established by tarnishment of the business reputation. Glen Raven Mills, Inc. v. Ramada Int'l, Inc., 852 F.Supp. 1544, 1556 (M.D.Fla.1994); see also Blanding Auto. Ctrs., Inc. v. Blanding Auto., Inc., 568 So.2d 490 (Fla. 1st DCA 1990) (holding that evidence that appellee received complaints intended for appellant showed actual injury to business reputation).
In addressing the second prong, the dilution of the distinctive quality of a trade name, the Florida Supreme Court has held that an actor may be subject to liability under the statute if it uses a designation which resembles the highly distinctive trade name of another in a manner likely to cause a reduction in the distinctiveness of the other's trade name. Great S. Bank, 625 So.2d at 470.[2] The court identified four relevant factors to be considered in determining whether a trade name has acquired protection from dilution: (1) the inherent distinctiveness and uniqueness of the trade name; (2) the duration and extent of its use; (3) the duration and extent of advertising that emphasizes the trade name; and (4) the degree of recognition by prospective purchasers. Id. In the present case, the trial court failed to address any of these factors in its findings and it did not allow the parties to present evidence relating to the factors. Therefore, we reverse and remand this case with directions that the trial court conduct a full evidentiary hearing considering the requirements of section 495.151. We make no determination regarding whether a temporary injunction should be issued in this cause.
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND and STRINGER, JJ., concur.
NOTES
[1] There was no allegation of infringement pursuant to section 495.131, Florida Statutes (2001).
[2] "The categories in order from most distinctive to least distinctive are 1) fanciful or coined; 2) arbitrary; 3) suggestive; 4) descriptive; and 5) generic." Glen Raven Mills, Inc. v. Ramada Int'l, Inc., 852 F.Supp. 1544, 1555 (M.D.Fla.1994).